J. S26017/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MARK A. NOLT, :
:
Appellant : No. 1755 MDA 2016

Appeal from the PCRA Order September 23, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003528-2012
CP-36-CR-0003543-2012
CP-36-CR-0005510-2011
CP-36-CR-0005527-2011

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED MAY 10, 2017**

Appellant, Mark A. Nolt, appeals from the September 23, 2016 Order entered in the Lancaster County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's appointed counsel, R. Russell Pugh, Esquire, has filed a Petition to Withdraw and an accompanying no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After careful review, we grant Attorney Pugh's Petition to Withdraw and affirm.

_____

[*]Former Justice specially assigned to the Superior Court.

On March 14, 2013, Appellant entered a negotiated guilty plea to numerous violations of the Controlled Substance, Drug, Device, and Cosmetic Act related to four separate dockets, including Possession With Intent to Deliver ("PWID")[1] heroin and oxycodone. The trial court immediately imposed an aggregate term of five to ten years' incarceration.[2] Appellant did not file a direct appeal.[3] Appellant's Judgment of Sentence, therefore, did not become final until April 15, 2013.[4] **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3).

On August 24, 2015, Appellant filed the instant *pro se* PCRA Petition, his first, raising numerous claims, including that his sentence is illegal pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). On October 13, 2015, the PCRA court appointed Attorney Pugh as counsel. Attorney Pugh filed an Amended PCRA Petition on December 10, 2015, alleging that

---

[1] 35 P.S. § 780-113(a)(30).

[2] We incorporate the trial court's helpful summary of the convictions for each Information, together with the corresponding sentence for each count. Trial Court Opinion, 9/23/16, at 1-2.

[3] On October 7, 2013, Appellant filed a "Motion for Return of Property" challenging deductions of money from his prison account. The trial court dismissed this Motion on jurisdictional grounds and directed Appellant to file a civil lawsuit in Commonwealth Court. Appellant filed a direct appeal, which this Court dismissed due to Appellant's failure to file a Brief. **See Commonwealth v. Nolt**, No. 2144 MDA 2013 (Pa. Super. filed August 5, 2014).

[4] April 13, 2013, was a Saturday. **See** 1 Pa.C.S. § 1908.

Appellant's trial counsel failed to file a direct appeal following the guilty plea, despite Appellant's purported request to do so. On January 7, 2016, the Commonwealth filed an Answer to Appellant's Amended PCRA Petition.

On September 23, 2016, the PCRA court dismissed Appellant's Petition without a hearing. On October 21, 2016, Appellant filed a Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On February 21, 2017, Attorney Pugh filed a *Turner/Finley* no-merit letter in the form of an Appellant's Brief, noting trial counsel's failure to file a direct appeal following Appellant's guilty plea. Counsel, however, concluded that there were no non-frivolous issues to be raised on appeal since the PCRA Petition was untimely. Appellant did not file a response.

Appellant presents one issue for our review:

> Whether the post-conviction court erred when it denied post-conviction relief on the basis that the PCRA Petition was filed untimely?

Appellant's Brief at 2.

Before we consider Appellant's arguments, we must review Attorney Pugh's request to withdraw from representation. Pursuant to *Turner/Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to

- 3 -

have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. *Id*. The court then conducts its own independent review of the record to determine if the Petition is meritless. *Id*. "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record discloses that Attorney Pugh has complied with each of the above requirements. In addition, Attorney Pugh sent Appellant copies of the ***Turner***/***Finley*** no-merit letter and Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court granted Attorney Pugh permission to withdraw. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). Since Attorney Pugh has complied with the ***Turner***/***Finley*** requirements, we now proceed with our independent review of the record and the merits of Appellant's claims.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA

Petition.  ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S. § 9545(b)(1).  A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).  The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.  ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on April 15, 2013, upon expiration of the time to file a direct appeal.  ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3).  In order to be timely, Appellant needed to submit his PCRA Petition by April 15, 2014.  42 Pa.C.S. § 9545(b)(1).  Appellant filed this PCRA Petition on August 24, 2015, more than 16 months too late and more than two years after his Judgment of Sentence became final.  Appellant's Petition is, thus, facially untimely.

Pennsylvania courts may consider an untimely PCRA Petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Appellant's counsel did not assert any of the timeliness exceptions in the *Turner*/*Finley* Brief. Nevertheless, Appellant's *pro se* Petition claimed that his sentence is illegal pursuant to *Alleyne v. United States*, 133 S.Ct.

2151 (2013), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). This constitutes an attempt to invoke the timeliness exception under Section 9545(b)(1)(iii) to challenge the legality of his sentence.

Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

The United States Supreme Court decided *Alleyne* on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days of June 17, 2013.[5] *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision). Appellant filed this PCRA Petition on August 24, 2015, well after 60 days of the *Alleyne* decision.

---

[5] This Court applied *Alleyne* in *Hopkins*, *supra*, on June 15, 2015. However, this Court recently reiterated that "the *Hopkins* decision did not announce a 'new rule,' [for purposes of 42 Pa.C.S. § 9545(b)(1)(iii)] but rather simply assessed the validity of Section 6317 under *Alleyne* and concluded that particular mandatory minimum sentencing statute was unconstitutional." *Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016). Accordingly, Appellant's attempt to rely on *Hopkins* to calculate the 60-day period is misplaced.

Moreover, our Supreme Court has recently reiterated that **Alleyne** does not apply retroactively on post-conviction collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

Appellant also failed to plead and prove that he filed his PCRA Petition within 60 days of the date he could have presented his claim (*i.e.*, when he first learned of counsel's failure to file the direct appeal he allegedly requested). Accordingly, Appellant has failed to plead and prove that he filed his untimely PCRA Petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Since Appellant is unable to satisfy the 60-day rule, he is unable to satisfy any of the three timeliness exceptions. The PCRA court, therefore, properly dismissed Appellant's PCRA Petition as untimely.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2017